**FILED**

Jeffrey A. Apperson, Clerk

AUG 02 2010

U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA                                       PLAINTIFF

v.                                                CRIMINAL NO. 3:10CR-47-M

CHRISTOPHER AREVALOS                                           DEFENDANT

## PLEA AGREEMENT

Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the United States of America, by David J. Hale, United States Attorney for the Western District of Kentucky, and defendant, Christopher Arevalos, and his attorney, Bryan J. Dillon, have agreed upon the following:

1.      Defendant acknowledges that he has been charged in the Indictment in this case with a violation of Title 21, United States Code, Section 841(a).

2.      Defendant has read the charge against him contained in the Indictment, and that charge has been fully explained to him by his attorney.  Defendant fully understands the nature and elements of the crime with which he has been charged.

3.      Defendant will enter a voluntary plea of guilty to Count 1 of the Indictment in this case.  Defendant will plead guilty because he is in fact guilty of the charge.  The parties agree to the following factual basis for this plea:  That on March 5, 2010, in Jefferson County, Kentucky, the defendant knowingly and intentionally possessed with intent to distribute approximately 36 grams of oxycontin, a Schedule I controlled substance.

1

4.      Defendant understands that the charge to which he will plead guilty carries a

maximum term of imprisonment of twenty years, a maximum fine of $1,000,000, and  supervised

release of at least three years and up to any number of years, including life, which the Court may

specify.  Defendant understands that an additional term of imprisonment may be ordered if the

terms of the supervised release are violated, as explained in 18 U.S.C. § 3583.

5.      Defendant understands that if a term of imprisonment of more than one year is

imposed, the Sentencing Guidelines require a term of supervised release and that he will then be

subject to certain conditions of release.  §§5D1.1, 5D1.2, 5D1.3.

6.      Defendant understands that by pleading guilty, he surrenders certain rights set

forth below.  Defendant's attorney has explained those rights to him and the consequences of his

waiver of those rights, including the following:

      A.      If defendant persists in a plea of not guilty to the charge against
him, he has the right to a public and speedy trial.  The trial could either be a jury
trial or a trial by the judge sitting without a jury.  If there is a jury trial, the jury
would have to agree unanimously before it could return a verdict of either guilty
or not guilty.  The jury would be instructed that defendant is presumed innocent
and that it could not convict him unless, after hearing all the evidence, it was
persuaded of defendant's guilt beyond a reasonable doubt.

      B.      At a trial, whether by a jury or a judge, the United States would be
required to present its witnesses and other evidence against defendant.  Defendant
would be able to confront those government witnesses and his attorney would be
able to cross-examine them.  In turn, defendant could present witnesses and other
evidence in his own behalf.  If the witnesses for defendant would not appear
voluntarily, he could require their attendance through the subpoena power of the
Court.

      C.      At a trial, defendant would have a privilege against self-
incrimination and he could decline to testify, without any inference of guilt being
drawn from his refusal to testify.  If defendant desired to do so, he could testify in
his own behalf.

7.      Defendant understands that the United States Attorney's Office has an obligation

to fully apprise the District Court and the United States Probation Office of all facts pertinent to the sentencing process, and to respond to all legal or factual inquiries that might arise either before, during, or after sentencing.  Defendant admits all acts and essential elements of the indictment count to which he pleads guilty.

8.      Defendant understands that he may be responsible for a fine, costs of prosecution, costs of incarceration and supervision which may be required.  All financial matters are left to be addressed at sentencing.

9.      Defendant acknowledges liability for the special assessment mandated by 18 U.S.C. § 3013 and will pay the assessment in the amount of $100 to the United States District Court Clerk's Office **by** the date of sentencing.

10.      At the time of sentencing, the United States and the defendant will agree that a term of imprisonment of 60 months, followed by three years of supervised release, is the appropriate sentence.

11. Defendant is aware of his right to appeal his conviction and that 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed.  The Defendant knowingly and voluntarily waives the right (a) to directly appeal his conviction and the resulting sentence pursuant to Fed. R. App. P. 4(b) and 18 U.S.C. § 3742, and (b) to contest or collaterally attack his conviction and the resulting sentence pursuant to 28 U.S.C. § 2255 or otherwise, for any reason.  Defendant stipulates that by negotiating this plea agreement, his attorney has represented him effectively.

12.      Defendant waives and agrees to waive any rights under the Speedy Trial Act and understands and agrees that sentencing may be delayed until the cooperation phase has been

3

completed.

13.     Nothing in this Agreement shall protect defendant in any way from prosecution for any other offense.

14.     The defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

15.     Defendant agrees to interpose no objection to the United States transferring evidence or providing information concerning defendant and this offense, to other state and federal law enforcement agencies.

16.     It is understood that pursuant to Fed. R. Crim. P. 11(c)(1)(C), if the Court does not accept this plea agreement and impose the sentence agreed upon herein, neither party is bound by the plea agreement and the defendant will be permitted to withdraw his plea.

17.     Defendant agrees that the disposition provided for within this Agreement is fair and reasonable, taking into account all aggravating and mitigating factors.  Defendant states that he has informed the United States Attorney's Office and the Probation Officer, either directly or through his attorney, of all mitigating factors.

18.     This document states the complete and only Plea Agreement between the United States Attorney for the Western District of Kentucky and defendant in this case, and is binding only on the parties to this Agreement, supersedes all prior understandings, if any, whether written or oral, and cannot be modified other than in writing that is signed by all parties or on the record in Court.  No other promises or inducements have been or will be made to defendant in

4

connection with this case, nor have any predictions or threats been made in connection with this

plea.

AGREED:

DAVID J. HALE
United States Attorney

By:

_Larry Fentress_ (signature)
Larry Fentress
Assistant U.S. Attorney

Date _8/2/10_


    I have read this Agreement and carefully reviewed every part of it with my attorney. I fully understand it and I voluntarily agree to it.

_Christopher Arevalos_ (signature)
Christopher Arevalos
Defendant

Date _August 2 2010_


    I am the defendant's counsel. I have carefully reviewed every part of this Agreement with the defendant. To my knowledge my client's decision to enter into this Agreement is an informed and voluntary one.

_Byran J. Dillon_ (signature)
Byran J. Dillon
Counsel for Defendant

Date _8/2/10_